UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH W. REGAN,

                    Plaintiff,

      v.

TRINITY DISTRIBUTION SERVICES, INC.,
et al.,

                    Defendants.

_____

DECISION & ORDER

06-CV-6316CJS

**PRELIMINARY STATEMENT**

By order dated July 13, 2006, this matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 2).

Plaintiff Joseph Regan initiated this negligence action on June 22, 2006, against defendants Trinity Distribution Services, Inc. and Sonia M. Colon. In his Complaint, Regan alleges that he suffered injuries arising from a March 28, 2005 motor vehicle collision with a vehicle operated by defendant Colon during the course of her employment with defendant Trinity Distribution Services, Inc. (Docket # 1). By stipulation, defendants have conceded liability, thus leaving damages as the only issue remaining in dispute. (Docket # 15). Currently pending is defendants' motion for an order permitting their expert to conduct a physical examination of plaintiff. (Docket # 21).

A Scheduling Order was issued by this Court on March 13, 2007, requiring the parties to complete all factual discovery by May 15, 2007, and all expert discovery by October 1, 2007. (Docket # 10). No further extensions of those deadlines were sought from or granted by the Court. During the discovery period, defendants notified plaintiff's counsel of their intention to have plaintiff examined by a physician to evaluate his claimed injuries. The parties apparently agreed that the examination would be conducted after defendants had obtained Regan's relevant medical records.

A settlement mediation was scheduled with this Court for June 6, 2007. (Docket # 9). Prior to that date, defense counsel made a written request for an adjournment. (Docket # 21, Ex. C). In his letter, counsel indicated that Regan's medical examination had not yet been conducted due to a delay in obtaining his necessary medical records. Counsel characterized the physical examination as "central to the defendants' evaluation of the case" and explained that defendants could not make a "realistic or constructive offer in moving the case towards settlement" without such an examination. (Docket # 21, Ex. C). The Court granted the requested adjournment, and the mediation was rescheduled for August 28, 2007. (Docket # 17).

The Court again adjourned the mediation at defendants' written request. In the letter request, counsel for defendants explained that a second adjournment was necessary because Regan was scheduled to undergo surgery on his shoulder and defendants' medical expert wanted to allow the surgery and a one-month recovery period to occur before conducting the medical examination. (Docket # 21, Ex. E). The mediation was rescheduled for October 24, 2007. (Docket # 18).

The October date fared no better and also was adjourned following another letter request by defendants. Counsel's letter, dated October 22, 2007, represented that defendants had not received all of the medical records relating to Regan's recent shoulder surgery and further indicated that, as a result, they "ha[d] been unable to have [their] examining physician evaluate the records . . . nor determine plaintiff's present status so that a fair and realistic evaluation [could] be completed." (Docket # 22, Ex. K). This Court granted defendants' request and rescheduled the mediation for December 4, 2007. (Docket # 19).

The mediation was finally conducted on December 4, 2007. At that time, defendants had not identified any expert witnesses or provided any expert reports as required by the Court's Scheduling Order. During the conference, counsel for defendants nonetheless indicated to the Court that they still wanted to conduct an expert physical examination of Regan. When advised of defendants' intent, plaintiff's counsel objected and maintained that defendants had waived their rights to conduct an examination or utilize an expert because they failed to do either before the applicable court-imposed discovery deadlines had expired. In view of plaintiff's objection, the Court advised defendants' counsel that he would need to file a motion seeking permission to conduct the examination.

On March 3, 2008, defendants filed their instant motion seeking an order permitting the physical examination of Regan, pursuant to Rule 35 of the Federal Rules of Civil Procedure. (Docket # 21).[1]

---

[1] At oral argument, counsel for the defendants verbally requested that the motion also be interpreted to seek an extension of the expert deadlines since defendants would like to offer the examining physician's testimony at trial.

**DISCUSSION**

Federal Rule 35 provides, in pertinent part:

The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order [] may be made only on motion for good cause and on notice to all parties and the person to be examined.

Fed. R. Civ. P. 35(a)(1-2).  *See Schlagenhauf v. Holder*, 379 U.S. 104, 119-20 (1964) (Rule 35 requires affirmative showing that party's mental or physical condition is in controversy and that good cause exists for the examinations requested).  Defendants propose to have plaintiff examined by Dr. Elias Nicholas, a New York State licensed physician.

It is uncontested that Regan's physical condition is in controversy in this case. Indeed, considering defendants' concession regarding liability for the motor vehicle accident, the severity of the injuries sustained by Regan appears to be the only issue remaining for trial.  Even so, this Court must evaluate defendants' motion in view of the requirements of Rule 16, as well as under Rule 35, because defendants did not file their motion until after the expiration of the court-ordered deadlines for the completion of discovery and expert disclosures.

Federal Rule 16(b) directs the court to enter a scheduling order limiting, among other things, the time for completion of discovery.  Fed. R. Civ. P. 16(b).  The rule also provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the [court]."  Fed. R. Civ. P. 16(b).  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (Rule 16 was drafted to provide court with control over its docket and to prevent disruption).  This Court therefore must consider not only whether good cause exists to warrant Regan's medical

examination, but also whether defendants have demonstrated good cause for their delay in filing the motion to compel such examination.

I find that defendants have demonstrated "good cause" for the requested medical examination under Rule 35. Plaintiff does not dispute that defendants initially expressed, in a timely manner, their intent to conduct the examination; nor does plaintiff dispute that Regan's physical condition is "in controversy" in this lawsuit. *See Schlagenhauf v. Holder*, 379 U.S. at 119-20 ("[a] plaintiff in a negligence action who asserts . . . physical injury . . . places that . . . physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury"). Even after the discovery deadlines had passed, defendants' counsel reiterated his request to schedule such examination, but deferred doing so, with plaintiff's apparent acquiescence, until after defendants could obtain medical records relating to plaintiff's recent surgery.

Whether "good cause" has been shown for an extension of the scheduling deadlines under Rule 16 is a closer question because of the substantive difference between defendants' final letter request for an adjournment (dated October 22, 2007) and the subsequent participation by defendants in a settlement mediation, notwithstanding that no examination had been conducted or even scheduled by them at that time. As noted above, defendants' October 22, 2007 letter differed from the two earlier letters insofar as it merely stated that defendants had not received Regan's updated medical records and could not evaluate the case for settlement until such files had been reviewed. (Docket # 22, Ex. K). Nowhere in the letter did defendants reserve their right to conduct a physical examination or even express a desire to do so.

5

Moreover, defendants appeared and participated in the settlement conference on December 4, 2007, despite earlier representations that they could not evaluate the case for settlement and participate in a mediation without first conducting the medical examination. Under these circumstances, it was reasonable for plaintiff's counsel to assume, as he has represented he did, that defendants had elected to forgo any physical examination of the plaintiff. That assumption, although reasonable, was nonetheless short-lived. Within hours of the mediation's commencement, plaintiff was told of defendants' desire to proceed with the expert examination.

On this record, the Court must weigh two countervailing interests – one which is embodied in Rule 35, the other in Rule 16. On the one hand, Regan argues that the court-ordered discovery deadlines have lapsed and that defendants have waived their right to conduct a physical examination. Defendants, on the other hand, assert that their inadvertence should be excused in view of the importance of the discovery they seek. I agree with defendants, principally because plaintiff has made no showing of demonstrable prejudice. Simply put, plaintiff is hard-pressed to show how he will be prejudiced by an examination of his injuries – which are plainly and concededly relevant to the question of damages – that he had long expected would be conducted during the pretrial phase of this litigation.

Although I conclude that the appropriate relief is to permit defendants to conduct Regan's medical examination, I also find that they should be required to bear plaintiff's reasonable expenses and attorney's fees associated with the mediation. *See* Fed. R. Civ. P. 16(f) (court may impose sanctions, including attorney's fees and costs, for failure to be prepared for a conference and for failure to adhere to a scheduling deadline); *Insurance Corp. of Ireland, Ltd. v.*

6

*Compaqnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (acknowledging court's broad discretion to impose discovery sanctions).  During the mediation, it was evident to this Court that defendants' failure to conduct the plaintiff's physical examination before the mediation impeded their readiness to discuss potential settlement.  The mediation was not successful – a result that was certainly likely, if not foreordained, as a result of defendants' decision to proceed to mediation before they had obtained the results of an examination they maintain is critical to their case.

## CONCLUSION

For the foregoing reasons, it is this Court's Decision and Order that defendants' motion to compel plaintiff's physical examination **(Docket # 21)** is **GRANTED**.  Such examination shall be conducted by no later than July 31, 2008; the report thereof shall be produced by August 15, 2008; and any deposition of the examining physician shall be conducted by September 12, 2008.  It is further ordered that defendants shall reimburse plaintiff for the reasonable expenses and attorney's fees associated with the December 4, 2007 settlement mediation.

**IT IS SO ORDERED.**

                *s/Marian W. Payson*
                MARIAN W. PAYSON
                United States Magistrate Judge

Dated: Rochester, New York
    July __2__, 2008